[Cite as *Canton Asphalt Co. v. Fosnaught*, 2011-Ohio-1329.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| CANTON ASPHALT COMPANY | JUDGES:<br>Hon. W. Scott Gwin, P. J.<br>Plaintiff-Appellant/Cross-Appellee     Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |

CANTON ASPHALT COMPANY

    Plaintiff-Appellant/Cross-Appellee

-vs-

DANIEL J. FOSNAUGHT

    Def.-Appellee/Cross-Appellant

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. Sheila G. Farmer, J.
Hon. John W. Wise, J.

Case Nos. 2010 CA 00201 and
2010 CA 00202


O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Case No. 2009 CV 00644 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | March 21, 2011 |


APPEARANCES:

| For Plaintiff-Appellant/Cross-Appellee | For Defendant-Appellee/Cross-Appellant |
|---|---|
| JOHN J. RAMBACHER<br>STEPHEN P. GRIFFIN<br>WINKHART & RAMBACHER<br>825 South Main Street<br>North Canton, Ohio 44720 | LEE E. PLAKAS<br>AMANDA M. PAAR<br>TZANGAS, PLAKAS, MANNOS & RAIES<br>220 Market Avenue South, 8th Floor<br>Canton, Ohio 44702 |

*Wise, J.*

**{¶1}** Appellant Canton Asphalt Company and Cross-Appellant Daniel J. Fosnaught appeals from the June 2, 2010, Judgment Entries entered in the Stark County Court of Common Pleas determining the rights of the parties as they pertain to a driveway.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** The facts relevant to this appeal are as follows:

**{¶3}** On February 17, 2009, Appellant Canton Asphalt Company filed a Complaint against Appellee Daniel J. Fosnaught asserting claims of trespass, quiet title, enforcement of an April 5, 2007, Agreement, and quiet title/adverse possession.

**{¶4}** On April 10, 2009, Appellee Fosnaught filed an Answer and Counter-Claim. Appellee's counterclaim asserted claims of adverse possession, easement by prescription, easement by implication/necessity, quiet title and declaratory judgment.

**{¶5}** On February 1, 2010, this matter proceeded to trial before a Magistrate.

**{¶6}** On May 11, 2010, the Magistrate issued a Magistrate's Decision wherein the Magistrate found that Appellee Fosnaught did not have an easement by prescription over the driveway; that Appellant Canton Asphalt's claims to quiet title were without merit and that the 2007 Agreement between the parties was enforceable and that such terms control.

**{¶7}** On May 24, 2010, Appellant filed a Motion to Recover Legal Fees/Cost from Appellee.

**{¶8}** On May 25, 2010, Appellee filed Objections to the Magistrate's Decision.

**{¶9}** On June 3, 2010, Appellant filed Objections to the Magistrate's Decision.

**{¶10}** By Judgment Entry filed July 2, 2010, the trial court denied Canton Asphalt's motion for legal fees and court costs.

**{¶11}** By separate Judgment Entry filed July 2, 2010, the trial court denied Fosnaught's objections and found Canton Asphalt's Objections to be untimely.

**{¶12}** On July 14, 2010, Appellant filed a Motion for Reconsideration. The trial court has not ruled on this motion.

**{¶13}** It is from the trial court's July 2, 2010, decision that Appellant and Appellee now appeal, raising the following assignments of error for review:

**ASSIGNMENTS OF ERROR**

**APPEAL**

**{¶14}** "I. THE TRIAL COURT ERRED IN DETERMINING WITHIN THE TRIAL COURT'S JUNE 2, 2010 JUDGMENT ENTRY THAT APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION WERE NOT TIMELY FILED UNDER CIVIL RULE 53(D)(3)(b)(i) AND IN NOT REVIEWING AND ACTING/RULING UPON APPELLANT'S OBJECTIONS AS REQUIRED UNDER CIVIL RULE 53(D)(4)(d).

**{¶15}** "II. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR RECOVERY OF LEGAL FEES/COURT COSTS WITHIN THE TRIAL COURT'S JUNE 2, 2010 JUDGMENT ENTRY WHERE BY WRITTEN AGREEMENT (WHICH AGREEMENT THE TRIAL COURT RULED TO BE ENFORCEABLE) APPELLANT AND APPELLEE CONTRACTED THAT THE PREVAILING PARTY SHALL RECOVER LEGAL FEES AND COSTS FROM THE NON-PREVAILING PARTY AS TO CERTAIN CLAIMS (AS SPECIFIED THEREIN) UPON WHICH SUCH CLAIMS APPELLANT PREVAILED.

**{¶16}** "III. THE TRIAL COURT ERRED IN RULING THAT APPELLANT'S QUIET TITLE/ADVERSE POSSESSION CLAIM AGAINST APPELLEE CONSTITUTED A COLLATERAL ATTACK UPON A JUDGMENT AND IN NOT OTHERWISE ADJUDICATING SUCH CLAIM ON THE SUBSTANTIVE MERITS THEREOF."

**CROSS-APPEAL**

**{¶17}** "I. THE TRIAL COURT ERRED IN FAILING TO FIND THAT FOSNAUGHT HAS A PRESCRIPTIVE EASEMENT OVER THE DRIVEWAY.

**{¶18}** "II. THE TRIAL COURT ERRED IN FAILING TO FIND THAT FOSNAUGHT HAS AN EASEMENT BY NECESSITY OVER THE DRIVEWAY.

**{¶19}** "III. THE TRIAL COURT ERRED IN FINDING THE AGREEMENT BETWEEN CANTON ASPHALT AND FOSNAUGHT ENFORCEABLE WHEN IT IS VOIDABLE BASED UPON MUTUAL MISTAKE OF FACT."

**I.**

**{¶20}** In Appellant's first assignment of error, Appellant contends that the trial court erred in finding that Appellant's Objections to the Magistrate's Decision were not timely filed. We agree.

**{¶21}** Civil Rule governs the role of magistrates. It provides in pertinent part:

**{¶22}** "(D) Proceedings in Matters Referred to Magistrates.

**{¶23}** ***

**{¶24}** "(3) *Magistrate's decision; objections to magistrate's decision.*

**{¶25}** ***

**{¶26}** "(b) *Objections to magistrate's decision.*

**{¶27}** "*(i) Time for filing.* A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. If a party makes a timely request for findings of fact and conclusions of law, the time for filing objections begins to run when the magistrate files a decision that includes findings of fact and conclusions of law."

**{¶28}** In the case sub judice, Appellee timely filed his Objections on May 25, 2010, fourteen days after the May 11, 2010, Magistrate's Decision. Pursuant to the above rule, Appellant therefore had ten days from the date of the filing of Appellee's Objections to file his Objections. The ten day period would run on June 4, 2010. As Appellant filed his Objections on June 3, 2010, we find that such Objections were timely filed. As such, we find that the trial court erred in failing to consider the Objections, finding that Appellant's Objections were not timely filed.

**{¶29}** Accordingly, we therefore remand this matter back to the trial court to review Appellant's Objections and to rule upon same as provided in Civ.R. 53(D)(4)(d).

**{¶30}** Appellant's first assignment of error is sustained.

**{¶31}** Based on our disposition of Appellant's first Assignment of Error and our remand to the trial court with instructions to consider and rule upon Appellant's

objections to the Magistrate's Decision, we find that both Appellant and Cross-Appellant's remaining assignments are not ripe for review at this time.

{¶32} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed and remanded for further proceedings consistent with the law and this opinion.

By: Wise, J.

Gwin, P. J., and

Farmer, J., concur.

_____

_____

_____

                          JUDGES

JWW/d 0310

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


CANTON ASPHALT COMPANY                    :
                                          :
    Plaintiff-Appellant/Cross-Appellee    :
                                          :
-vs-                                      :          JUDGMENT ENTRY
                                          :
DANIEL J. FOSNAUGHT                       :
                                          :
    Defendant-Appellee/Cross-Appellant :       Case Nos. 2010 CA 00201 and :
                                                       2010 CA 00202


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.

Costs to be split equally between Appellant and Appellee.


_____


_____


_____

JUDGES